FILED

2014 May-30  PM 01:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT JAMES COATS, JR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:13-CV-8049-VEH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

## MEMORANDUM OPINION

Petitioner, Robert James Coats, Jr., has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. 2255. (Doc. 1). The Government has responded (doc. 3) and Petitioner has replied (docs. 5 & 6). Therefore, the matter is fully developed. An evidentiary hearing is not needed. Having fully considered all relevant pleadings in this case, and in the related criminal case (*United States v. Robert James Coats, Jr.,* 7:11-cr-68-VEH-HGD), the undersigned finds that Petitioner's 2255 motion is due to be dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1).

## PROCEDURAL HISTORY[1]

On January 28, 2011, a grand jury sitting in the Northern District of Alabama returned a four-count indictment against Robert James Coats, Jr. and Vincent Gene Lawrence, Jr., charging the defendants with Conspiracy to Distribute Cocaine Base and Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 846, 841(a)(1) , and (b)(1)(B), respectively. (Doc. 1).

Coats, along with his retained counsel, Brett L. Wadsworth, appeared at arraignment on March 11, 2011, and entered pleas of not guilty. (Court Entry 3/11/2011).

On April 6, 2011, pursuant to 28 U.S.C. §851, the Government filed a Notice of Prior Felony Drug Conviction to enhance the penalties applicable to the pending charges against Coats. (Doc. 18).

On April 20, 2011, Coats entered guilty pleas to Counts One and Four of the indictment, and the matter was continued for sentencing. (Court Entry 4/20/2011). Coats filed with the court a signed Guilty Plea Advice of Rights Certification (doc. 24) and a signed Plea Agreement (doc. 25). In the Plea Agreement, the maximum punishment is set out as follows.

---

[1]All references to the record in this portion of this Opinion are to the related criminal case, 7:11-cr-68-VEH-HGD, unless otherwise indicated.

2

## I. <u>MAXIMUM PUNISHMENT</u>

The defendant understands that the maximum statutory punishment that may be imposed for the crimes of Conspiracy to Distribution of a Controlled Substance, i.e. 28 grams or more of a mixture and substance containing a detectable amount of "crack" cocaine in Count One, and Distribution of 28 grams or more of "crack" cocaine in Count Four, in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(B), as charged in COUNTS ONE and FOUR, are:

     a.    Imprisonment for not less than 5 years and not more than 40 years;

     b.    A fine of not more than $2,000,000, or,

     c.    Both (a and b);

     d.    Supervised release of at least 4 years; and

     e.    Special Assessment Fee of $200.

*With one prior felony drug offense, imprisonment for not less than 10 years and a fine of not more than $4,000,000. If there is a prior conviction, the supervised release term is not less than 8 years.*

(Doc. 25 at 2)(emphasis in original).

At the April 20, 2011, plea hearing, the court specifically noted that a § 851 Notice of Prior Felony Drug Conviction had been filed by the Government. (Doc. 48, Transcript of plea hearing, at p. 2, lines 9 - 12). Accordingly, at such hearing, the court advised Coats of the enhanced penalties applicable to him.

Do you understand that the maximum penalties include, as to Counts 1 and 4, a fine of not more than $4 million each count, custody of not less than ten years and not more than life imprisonment each count, followed by a supervised -- any custodial term followed by a supervised release term of not less than eight years. There can be no probation or suspension of your sentence. There is a denial of specific federal benefits pursuant to 21 United States Code section 862.

Community restitution does not apply to Count 1, but it does apply to Count 4.  There is an assessment fee of $100 for each count.  And the guidelines, although advisory, also apply. Also, in light of the United States Supreme Court's decision in the case of Kentucky v. Padilla, I need to inform you that if it is determined that you are not a United States citizen, you may be subject to deportation because of the plea of guilty that you are in the process of entering.  This is true whether you're in the United States legally or illegally.  However, if you are a United States citizen, you do not need to be worried about deportation.

Mr. Coats, do you understand the maximum penalties I have just outlined?

THE DEFENDANT:  Yes, ma'am.

(Doc. 48 at p. 10, lines 3 - 24).

The Presentence Report ("PSR") was disclosed on June 29, 2011. Coats's offense level was enhanced, under U.S.S.G. § 4B1.1, based on his prior criminal history, as a career offender. Specifically, the PSR reported that Coats had previously been convicted of Shooting into an Occupied Dwelling (crime of violence) and Unlawful Distribution of a Controlled Substance[2] (controlled substance offense). The instant offense was a controlled substance offense, and Coats was 18 years or older at the time of the instant offense. Accordingly, the career offender enhancement applied.

---

[2]  This controlled substance offense was the basis for the §851 Notice of Prior Felony Drug Conviction which resulted in the court advising Coats, at the plea hearing, of the enhanced penalties applicable to him.

Neither the Government nor Coats filed an objection to the PSR, nor was any objection raised orally at the sentencing hearing. On July 18, 2012, the undersigned sentenced Coats to a custodial term of 168 months.

Following the imposition of sentence, Coats did not pursue a direct appeal.

On November 6, 2013, Coats filed the habeas motion now pending before the court. Coats remains in custody at this time. (Doc. 47.)

## THE LIMITATIONS PERIOD

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision to 28 U.S.C. 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, the undersigned entered its Judgment of Conviction on July 18, 2012. (Doc. 46, case no.7:11:cr-68-VEH-HGD). Coats did not appeal, and therefore his conviction became final on July 28, 2012. FED. R. APP. P. 4(b). *See Akins v. United States*, 204 F.3d 1086. Thus, unless the pending petition raises an issue that is not subject to this one-year limitation period, the petition is time-barred.

### THE 2255 PETITION[3]

In his Petition, Coats asserts five "grounds" for granting his petition. The first ground is that "the facts on the face of the information were too vague to satisfy the Sixth Amendment Guarantee to be informed of a Specific Transaction

---

[3]All references to the record in this portion of this Opinion are to the filings in this §2255 proceeding, unless otherwise indicated.

Claimed to be Fraudulent to allow a Defense or a Future claim of Double Jeopardy." (Doc. 1, p. 3, also pp. 3 - 5). The second ground is that "Plea Agreements are Subject to Jurisdictional and Constitutional Errors and Procedures which result in a Miscarriage of Justice." (*Id*., p. 5, also pp. 5 - 9). The third ground is "Violation of the Sixth Amendment Rights to Effective Assistance of Counsel." (*Id*., p. 9, also pp. 9 - 12). The fourth ground is "Counsel Ineffective Due to Conflict of Interest in Violation of the Sixth Amendment." (*Id*., p. 12, also pp. 12 - 13). The fifth ground is "Sixth Amendment and Due Process Violation." (*Id*., p. 13, also pp. 13 - 23). Only the fifth ground is asserted as not being time-barred. Therefore, the court will only address the fifth ground.

Timeliness Contentions Based on *Alleyne*

Coats contends that his 2255 motion is timely under 28 U.S.C. 2255(f)(3) because it was filed within one year of the date the Supreme Court decided *Alleyne v. United States*, ___ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and this court should decide that *Alleyne* is retroactive to cases on collateral review, *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir.2004) ("As a panel of this Court noted, every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of 2255(3)."), *aff'd*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).

Coats argues that *Alleyne* stated a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review [.]" 28 U.S.C. § 2255(f)(3). A new rule of constitutional law must be made retroactive to cases on collateral review in order to benefit from § 2255(f)(3). *See Dodd v. United States*, 545 U.S. at 358. Coats simply declares that *Alleyne* announces a newly recognized right which should be declared retroactively applicable. (Doc. No. 1, pp. 14-22). Such a declaration is without merit.

The Supreme Court did not declare that the new rule in *Alleyne* is retroactive on collateral review, nor is it likely to do so. *"Alleyne* is an extension of *Apprendi*",[4] a case which the Eleventh Circuit has consistently determined is not retroactively applicable to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (holding *Booker* an extension of *Apprendi* and not retroactively applicable on collateral review because it was therefore procedural (as opposed to substantive) and because *Booker* was not "one of those rare 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" (quoting *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)). *See also United States v. Shaw*, ___ F. App'x ____, No. 12–16468, 2014 WL 1282295, 3 (11th Cir. Apr.1,

---

[4]*United States v. McKinley*, 732 F.3d 1291, 1295 (11th Cir.2013).

2014) (unpublished) ("Because *Alleyne* represents an extension of *Apprendi*, we have held that the same framework for review applies.") (citing *United States v. McKinley*, 732 F.3d at 1295)). *See also Chester v. Warden*, ___ F. App'x ____, No. 12–15119, 2014 WL 104150 at *3 (11th Cir. Jan.13, 2014) (unpublished) (holding that the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause.") (citation omitted). In *Chester*, the Eleventh Circuit explained, "because it is based on the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review." *Id*. at *4 (citation omitted); *see also United States v. Harris*, 741 F.3d 1245 at 1250 n. 3 (11th Cir.2014) (citation omitted) ("the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review ... [a]nd *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."); *Bennett v. Warden, FCI Jessup*, 508 Fed. App'x. 929, 930 (11th Cir. 2013) (unpublished) ("The district court denied [Bennett's 2255] motion because *Apprendi* was not retroactively applicable to cases on collateral review. We denied Bennett a certificate of appealability, and the Supreme Court denied Bennett's petition for a writ of certiorari."). Inasmuch as the Eleventh Circuit has declined to find *Alleyne* retroactively applicable to cases on collateral review, Coat's invitation to this Court to chart such path is rejected. Accordingly, *Alleyne* does not save Coats's untimely

section 2255 motion.

Merits Contentions Based on <em>Alleyne</em>

Further, *Alleyne*'s holding, if applied, would not have any impact on Coats's sentence. In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2000) "and held that any fact that increases a defendant's mandatory minimum sentence is an element of the offense that must be submitted to the jury and proved beyond a reasonable doubt." *United States v. McKinley*, 732 F.3d 1295. However, *Alleyne* was an extension of the Constitutionally-protected rights of a defendant at sentencing as articulated in *Apprendi*. Specifically, as the Eleventh Circuit has explained:

> In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Subsequently, the Supreme Court held in *Harris* that a fact increasing a defendant's mandatory minimum sentence, ... was not subject to the *Apprendi* rule and could be found by a sentencing judge rather than a jury. As noted, the Supreme Court overruled *Harris* in *Alleyne*, concluding that the "distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum" was inconsistent with *Apprendi*. Instead, the Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."

*U.S. v. McKinley*, 732 F.3d at 1296 (internal citations omitted)(emphasis supplied).

The *Alleyne* decision itself, and Eleventh Circuit binding authority applying that decision, make clear that the facts reserved to a jury for sentencing

10

enhancements do <u>not</u> include proof of prior convictions.

> *Alleyne* did not address the specific question at issue in this case,
> which is whether a sentence can be increased because of prior
> convictions without a jury finding the fact of those convictions. That
> question continues to be governed by *Almendarez–Torres v. United
> States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350
> (1998), where the Court determined that the fact of a prior conviction
> is not an "element" that must be found by a jury. Indeed, the *Alleyne*
> Court specifically recognized that, under *Almendarez–Torres*, prior
> convictions are excepted from the general rule that a jury must find
> any fact that will increase the penalty for an offense. *Alleyne*, 133
> S.Ct. at 2160 n. 1. The *Alleyne* Court declined to "revisit
> [*Almendarez–Torres*] for purposes of our decision today" because
> "the parties d[id] not contest that decision's vitality." *Id.*; *see also
> Descamps v. United States*, ___ U.S. ____, 133 S.Ct. 2276, 2288, 186
> L.Ed.2d 438 (2013) (observing that an increase in the maximum
> statutory sentence based on judicial factfinding that "went beyond
> merely identifying a prior conviction" would "raise serious Sixth
> Amendment concerns").

*United States v. Harris*, 741 F.3d 1245, 1249 -1250 (11th Cir.2014). *See also*, *U.S. v. Rivas*, ___ Fed. App'x ____, No. 13–13141, 2014 WL 486723 (11th Cir. Feb.7, 2014) (unpublished) ("*Alleyne*, however, did not address prior-conviction sentencing enhancements. Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction." (citing *Alleyne* at 2160 n. 1.)).

Coats misunderstands *Apprendi* and accordingly misunderstands *Alleyne*. In *Alleyne*, the Supreme Court reiterated the meaning of "facts" for purposes of the Constitutional right to a jury determination as follows. "The touchstone for

determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S.Ct. at 2158 (internal citations omitted)(emphasis supplied). As recognized in *Apprendi*, however, --- and unaffected by *Alleyne* --- a defendant's Constitutional right to a jury determination of the facts of the charged offense does not extend to a determination of the facts of any prior convictions. *See also*, *U.S. v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756 (2005) ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."(emphasis supplied)).[5]

---

[5] The court notes that it specifically asked Coats, at the sentencing hearing, whether he had any objections to the PSR. Coats replied that he did not. At that same hearing, the court reminded Coats of the § 851 Notice that had been filed in his case, that the court had told Coats at his plea hearing of the implications of that Notice for his sentence, and asked him whether he affirmed or denied that he had been previously convicted as alleged in that Notice. Coats affirmed that he had been previously convicted as alleged in that Notice. The court further specifically asked Coats whether he understood that any challenge to a prior conviction had to be made before the court imposed his sentence or it could not later be raised to attack or appeal the sentence imposed, and Coats replied that he understood. *See* Doc. 3 in related criminal case, 7:11-cr-68-VEH-HGD, Transcript of Sentencing Hearing, p. 3, lines 1 - 25.

The facts which increased Coats's minimum mandatory sentence were his prior convictions. Thus, application of the increased mandatory minimum to Coats did not violate *Apprendi* or *Alleyne*. Accordingly, the only portion of his petition which he even argues is not time-barred (the fifth "ground") is, in fact, time-barred.

In his Memorandum of Law (doc. 6) Coats argues, for the first time, that he is entitled to equitable tolling of the limitations period. In sum, he argues that, prior to *Alleyne*, he lacked a credible § 2255 claim."[6] Because, as explained above, *Alleyne* had no impact on Coats's sentencing enhancement based on his prior convictions, Coats's equitable tolling argument necessarily fails as well. Accordingly, his 2255 motion is due to be dismissed.

## DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings, the court finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition

---

[6] Coats thus has admitted that the first four grounds in his petition, which he does not even argue were impacted by *Alleyne*, are not "credible."

only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Coats's motion to vacate, nor could a reasonable jurist conclude that Coats should be allowed to proceed further with respect to his claims. *Id*., 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Coats is not entitled to a certificate of appealability.

## CONCLUSION

14

The instant Motion is dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1). *Alleyne* does not apply retroactively. Even if it did, *Alleyne* did not change the law regarding a sentence enhancement, such as Coats's, which is based on a prior conviction. Finally, at sentencing, Coats admitted his prior conviction. Coats is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the 30th day of May, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge